Justice THOMAS, dissenting.
Respectfully, I would reach the merits and reverse. As I have previously explained, *1047 a plaintiff seeking to vindicate a private right need only allege an invasion of that right to establish standing. Spokeo, Inc. v. Robins , 578 U. S. ----, ----, 136 S.Ct. 1540, 1553, 194 L.Ed.2d 635 (2016) (concurring opinion). Here, the plaintiffs alleged violations of the Stored Communications Act, which creates a private right: It prohibits certain electronic service providers from "knowingly divulg[ing] ... the contents of a communication" sent by a " 'user,' " "subscriber," or "customer" of the service, except as provided in the Act. 18 U.S.C. §§ 2510(13), 2702(a)(1)-(2), (b) ; see § 2707(a) (providing a cause of action to persons aggrieved by violations of the Act). They also asserted violations of private rights under state law. By alleging the violation of "private dut[ies] owed personally" to them " 'as individuals,' " Spokeo , supra , at ----, ----, 136 S.Ct., at 1554, 1551 (opinion of THOMAS, J.), the plaintiffs established standing. Whether their allegations state a plausible claim for relief under the Act or state law is a separate question on which I express no opinion.
As to the class-certification and class-settlement orders, I would reverse. The named plaintiffs here sought to simultaneously certify and settle a class action under Federal Rules of Civil Procedure 23(b)(3) and (e). Yet the settlement agreement provided members of the class no damages and no other form of meaningful relief.* Most of the settlement fund was devoted to cy pres payments to nonprofit organizations that are not parties to the litigation; the rest, to plaintiffs' lawyers, administrative costs, and incentive payments for the named plaintiffs. Ante , at ---- - ----. The District Court and the Court of Appeals approved this arrangement on the view that the cy pres payments provided an "indirect" benefit to the class. In re Google Referrer Header Privacy Litigation , 87 F.Supp.3d 1122, 1128-1129, 1137 (N.D. Cal. 2015) ; In re Google Referrer Header Privacy Litigation , 869 F.3d 737, 741 (CA9 2017).
Whatever role cy pres may permissibly play in disposing of unclaimed or undistributable class funds, see Klier v. Elf Atochem North Am., Inc. , 658 F.3d 468, 474-476 (CA5 2011) ; id., at 480-482 (Jones, C.J., concurring), cy pres payments are not a form of relief to the absent class members and should not be treated as such (including when calculating attorney's fees). And the settlement agreement here provided no other form of meaningful relief to the class. This cy pres -only arrangement failed several requirements of Rule 23. First, the fact that class counsel and the named plaintiffs were willing to settle the class claims without obtaining any relief for the class-while securing significant benefits for themselves-strongly suggests that the interests of the class were not adequately represented. Fed. Rules Civ. Proc. 23(a)(4), (g)(4) ; see Amchem Products, Inc. v. Windsor , 521 U.S. 591, 619-620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (settlement terms can inform adequacy of representation). Second, the lack of any benefit for the class rendered the settlement unfair and unreasonable under Rule 23(e)(2). Further, I question whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy" when it serves only as a vehicle through which to extinguish the absent class members' claims without providing them any relief. Fed. Rule Civ. Proc. 23(b)(3) ; see Rule 23(b)(3)(A) (courts must consider "the class members' interests in individually *1048 controlling the prosecution ... of separate actions").
In short, because the class members here received no settlement fund, no meaningful injunctive relief, and no other benefit whatsoever in exchange for the settlement of their claims, I would hold that the class action should not have been certified, and the settlement should not have been approved.

The settlement required that Google make additional disclosures on its website for the benefit of "future users." App. to Pet. for Cert. 50. But no party argues that these disclosures were valuable enough on their own to independently support the settlement.